# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 6, 2012

## CHARLES CHAMBERS v. GAYLE RAY, COMMISSIONER, TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 101364-II      Carol L. McCoy, Chancellor**

---

**No. M2011-01841-COA-R3-CV - Filed September 21, 2012**

---

An inmate in the custody of the Tennessee Department of Correction, filed a petition for declaratory judgment alleging that the Department failed to credit him with 2,511 days of pretrial credits that were awarded him pursuant to a plea agreement. The sole issue in this appeal is whether the trial court properly dismissed the petition based upon a finding that the material facts show Petitioner received all pretrial jail credits awarded and due Petitioner. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Charles Chambers, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Mark A. Hudson, Senior Counsel, for the appellee, Gayle Ray, Commissioner, Tennessee Department of Correction.

## OPINION

Charles Chambers ("Petitioner"), an inmate in the custody of the Tennessee Department of Correction (the "Department"), filed a petition for Declaratory Judgment against Tennessee Department of Correction Commissioner Gayle Ray in the Davidson County Chancery Court alleging the Department had not properly calculated his sentence and jail credits. Petitioner asserted that the Department failed to credit him with 2,511 days of pretrial credits that were awarded him pursuant to a plea agreement and re-sentencing on February 4, 2005. He specifically asserted:

Instead of conforming to the judgment of the trial [sentencing] court applying the 2,511 days of pre-trial jail credit to 98-11624, the department incorrectly calculated the 2,511 days of jail credit to Case Number 98-00665, effectively altering the judgment entered by the trial [sentencing] court and ... extending his sentence in 98-11624 by six years, nine months and seven days. Instead of conforming to the judgment of the sentencing court by applying 2,511 days of pre-trial jail credit to 98-11624, . . . TDOC granted credit of 385 days jail credit in 98-00665 (now expired) and refused to grant pre-trial jail credit in 98-11624 on the ground that since 98-11624 was consecutive to 98-00665, petitioner was not entitled to receive 'double credit' on his consecutive sentence.

The Department filed a motion for summary judgment asserting the undisputed material facts demonstrated that Petitioner's sentence was correctly calculated and the petition should be dismissed. The Department's motion was supported by the affidavit of Candace Whisman, Director of Sentence Management Services for the Department. The affidavit of Ms. Whisman is exceedingly detailed and thorough, comprising three pages of specific calculations of Petitioner's sentences for numerous offenses and the jail credits applied to each sentence.

Petitioner filed a response in opposition to the Department's motion; he also filed a motion for summary judgment.

The trial court granted the Department's motion for summary judgment upon the finding, inter alia, that Petitioner cannot have pretrial credits applied to two consecutive sentences and that the undisputed facts established that he had been awarded all applicable jail credits. This appeal followed.

**ANALYSIS**

Pretrial jail credits are mandated by Tennessee Code Annotated § 40-03-101(c) which reads:

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The

-2-

defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

However, a defendant "incarcerated pretrial who then receives a consecutive sentence is allowed pretrial jail credits to be applied only to the first sentence." *State v. Davis*, 2002 WL 340597, at \*3 (Tenn. Crim. App. 2002).

Petitioner was admitted to the custody of the Department on May 18, 1999, with convictions from Shelby County in twenty cases, each assigned a different case number. The sentences were imposed on April 13, 1999 and pretrial jail credit was granted for the dates of November 5, 1997, to December 10, 1997, and April 20, 1998, to the date of sentencing on April 13, 1999.

On February 4, 2005, all of Petitioner's sentences were set aside and he was re-sentenced. Petitioner received a sentence of ten years in case numbers 9800665, 9800666, 9800667, 9800669, 9800670, and 9800671, and a five year sentence in case number 9800668. He was sentenced as a standard range one offender and credit was granted for the dates of November 5, 1997, to December 10, 1997, and April 28, 1998, to the date of re-sentencing on February 4, 2005. The sentences in case numbers 9800665, 9800666, 9800667, 9800669, 9800670, 9800671, and 9800668 are calculated from the original sentence date of April 13, 1999, with 385 days of pretrial jail credit for a sentence effective date of March 24, 1998. The credit from April 13, 1999, to the date of re-sentencing on February 4, 2005, is calculated as time served on the cases.

Petitioner was also re-sentenced to ten years in case numbers 9811610, 9811612, 9811614, 9811615, 9811616, and 9811619. He received a sentence of five years in case numbers 9811611, 9811613, 9811617, and 9811618. Petitioner was sentenced as a standard range one offender and the sentences for case numbers 9811610 through 9811619 were ordered to be served consecutively to case numbers 9800665 through 9800668 for a total of twenty years. The orders for case numbers 9811610 through 9811619 reflect credit from April 20, 1998, to February 4, 2005. Pretrial jail credit from April 20, 1998, to April 27, 1998, in the amount of eight days was applied to these cases. The remaining credit was already applied to case numbers 9800665 through 9800668 as pretrial credit and as credit for time served. The remaining credit that was applied to case numbers 9811610 through 9811619 as these sentences are consecutive and this would result in the credit being applied twice to the overall sentence.

On February 4, 2005, Petitioner also received a sentence of five years in case number 9811865 as a standard range one offender to be served consecutively to case numbers

9800665 through 9800668. He received a sentence of ten years in case numbers 9811624 and 9903272 to be served at 100% for violent offenses in accordance with Tenn. Code Ann. § 40-35-501. The sentences in case numbers 9811624 and 9903272 were ordered to be served consecutively to 9800665 through 9800668. The order for case number 9811624 reflects credit from November 6, 1997, to December 10, 1997, and April 28, 1998, to February 4, 2005. The credit was already applied to case numbers 9800665 through 9800668 as pretrial credit and time served and is not applied to case number 9811624 because it is consecutive and this would result in the credit being applied twice to the overall sentence. The orders in case numbers 9811865 and 9903272 reflect credit from April 20, 1998, to February 4, 2005. Pretrial jail credit from April 20, 1998, to April 27, 1998, in the amount of eight days was applied to case numbers 9811865 and 9903272. The remaining credit was already applied to 9800665 through 9800668 as pretrial credit and as time served and is not applied to these sentences as they are consecutive.

We have concluded, as the trial court did, that Petitioner is not entitled to 2,511 days pretrial jail credit in case number 9811624; this is because he cannot receive credit for the same days on consecutive sentences. As evidenced by the affidavit of Ms. Whisman, Petitioner's sentence was calculated with all credit for pretrial jail incarceration and all credit for time served to which Petitioner is entitled.

The material facts are not disputed and the Department established that it is entitled to judgment as a matter of law; accordingly, summary judgment was proper.

## IN CONCLUSION

We, therefore, affirm the summary dismissal of this petition and this case is remanded with costs of appeal assessed against Petitioner for which execution may issue.

_____
FRANK G. CLEMENT, JR., JUDGE